# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# ORANGEBURG DIVISION

| | |
|---|---|
| CHERYLYNN ESCHER,<br><br>                                      Plaintiff,<br><br>v.<br><br>MARK ANTHONY BLACKWELL<br>ALBA FREIGHT INC<br>                                      Defendants. | Civil Action No.: 5:25-cv-13407-SAL |

## COMPLAINT

Plaintiff Cherylynn Escher, by and through the undersigned attorneys, complains of Defendants and alleges as follows:

### PARTIES, VENUE, AND JURISDICTION

1. Plaintiff Cherylynn Escher ("Plaintiff") was injured in the crash that is subject of this action (the "Crash"). Plaintiff has been a resident and citizen of the State of Florida at all relevant times.

2. Defendant Alba Freight Inc. ("Defendant Alba Freight"), is an Illinois for-profit corporation with its headquarters and principal place of business in Burr Ridge, Illinois. Thus, Defendant Alba Freight has been a resident of the State of Illinois at all relevant times.

3. Defendant Mark Anthony Blackwell. ("Defendant Blackwell"), is the individual driver who was driving the commercial motor vehicle on behalf of Defendant Alba Freight which was involved in the Crash. Defendant Blackwell has been a citizen and resident of the State of Idaho at all relevant times.

4.     The Orangeburg Division is proper because the motor vehicle collision, which is the incident giving rise to this cause of action, took place on Interstate 26 in Calhoun County, South Carolina, as further shown below.

5.     This Court has personal jurisdiction over Defendant Alba Freight because Defendant Alba Freight was doing business in South Carolina through its agent Defendant Blackwell at the time this cause of action arose, and this cause of action relates to and arises out of Defendant Alba Freight's contacts with South Carolina, as further shown below.

6.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. 1332 because (1) Plaintiff is a citizen and resident of Florida while Defendant Alba Freight is a citizen and resident of Illinois and Defendant Blackwell is a citizen and resident of Idaho such that there is complete diversity between the parties, and (2) the amount in controversy exceeds $75,000.00 due to Plaintiff's serious injuries.

## FACTUAL ALLEGATIONS

7.     Plaintiff adopts, realleges and incorporates the allegations contained in the preceding paragraphs.

8.     On the day of the Crash, Defendant Alba Freight was a motor carrier registered with the USDOT under USDOT Number 3533697.

9.     At the time of the crash, Defendants were operating a commercial motor vehicle with a gross vehicle weight rating greater than 26,000 pounds in interstate commerce.

10.    At the time of the crash, Defendant Alba Freight's agent Defendant Blackwell was an employee of Alba Freight acting in the course and scope of his employment with Alba Freight.

11. On or about March 19, 2025, Defendant Blackwell was driving a commercial motor vehicle operated by Defendant Alba Freight in the left lane on Interstate 26 in Calhoun County, South Carolina.

12. At the same time, Plaintiff was driving her vehicle in the right lane next to Defendant Blackwell.

13. Plaintiff was driving in a safe and legal manner.

14. While Plaintiff was driving alongside, Defendant Blackwell attempted to change lanes from left to right and struck Plaintiff's vehicle.

15. Due to the Crash which Defendant Blackwell and Defendant Alba Freight caused, Plaintiff suffered severe bodily injury and property damage.

**FOR A FIRST CAUSE OF ACTION**
(Negligence/Recklessness, Negligence *Per Se* Against All Defendants)

16. Plaintiff realleges and reincorporates the preceding paragraphs as if repeated verbatim here.

17. Defendant Blackwell owed a duty to Plaintiff to operate the commercial motor vehicle in a safe and reasonable manner, and in accordance with all state and federal laws and regulations.

18. Defendant Blackwell breached this duty to use due care in operating the commercial motor vehicle and was negligent, negligent *per se*, reckless, willful, and/or wanton in numerous particulars, including but not limited to:

   a. Failing to obey traffic signs and signals;

   b. Failing to yield the right of way;

   c. Failing to keep a proper lookout;

   d. Driving while inattentive and/or distracted;

    e. Failing to use the degree of care and skill that a reasonable person would have used under the same or similar circumstances;

    f. Acting with conscious disregard for the safety of others, including Plaintiff;

    g. Acting in violation of applicable state and federal statutes and regulations; and

    h. Committing other acts and omissions as discovery may reveal and the evidence at trial may show.

19. Defendant Blackwell's acts and omissions were the direct and proximate cause of Plaintiff's injuries and damages claimed herein.

20. As a direct and proximate result of Defendant Blackwell's acts and omissions, Plaintiff suffered severe physical injuries which have caused, and in the future will cause, Plaintiff to suffer the following damages:

    a. Physical pain and suffering;

    b. Loss of enjoyment of life, to the detriment of Plaintiff's physical health and mental wellbeing;

    c. Loss of wages and/or earning capacity;

    d. Substantial expenses for past and future medical services;

    e. Mental anguish, emotional distress, shock, and fear;

    f. Other damages as will be shown in the discovery and trial of this case.

21. Defendant Alba Freight is vicariously liable for all acts and omissions of Defendant Blackwell pursuant to the doctrines of agency and respondeat superior.

22. Plaintiff is entitled to an award of all actual, consequential, and incidental damages against all Defendants, jointly and severally.

23. Plaintiff is also entitled to an award of punitive damages against all Defendants.

24. Plaintiff is also entitled to an award of prejudgment interest against all Defendants, jointly and severally.

**FOR A SECOND CAUSE OF ACTION**
(Negligent Hiring, Entrustment, Training, Retention, and Supervision Against Defendant Alba Freight)

25. Plaintiff adopts, realleges, and incorporates the allegations contained in the preceding paragraphs.

26. Defendant Alba Freight was negligent, negligent *per se*, grossly negligent, reckless, willful, and/or wanton in hiring and/or retaining Defendant Blackwell and entrusting them to drive their motor vehicle, in that Defendant Alba Freight knew or should have known that Defendant Blackwell was too incompetent, unfit, inexperienced, and/or reckless to operate a commercial vehicle, which created an appreciable risk of harm to the public, including Plaintiff.

27. Defendant Alba Freight was negligent, negligent *per se*, grossly negligent, reckless, willful, and wanton in failing to properly train and/or supervise Defendant Blackwell, in that Defendant Alba Freight permitted Defendant Blackwell, who was within their employ and control, to operate a commercial motor vehicle with knowledge that Defendant Blackwell posed a danger to the public, including Plaintiff, in operating the vehicle

28. Defendant Alba Freight's acts and/or omissions in hiring, training, retaining, and supervising Defendant Blackwell, and in entrusting them with their commercial motor vehicle, were the direct and proximate cause of the subject collision, as well as Plaintiff's resulting damages.

29. As a direct and proximate result of the acts and omissions of Defendant Alba Freight, Plaintiff has suffered and will continue to suffer damages described herein

30. Plaintiff is therefore entitled to an award of all actual, consequential, and incidental damages against Defendant Alba Freight.

31. Plaintiff is also entitled to an award of punitive damages against Defendant Alba Freight.

**WHEREFORE**, Plaintiff prays that the court enter judgment against the Defendants for the Plaintiff's actual and punitive damages in an amount to be determined by the jury, for the reasonable costs of this action, and for such other and further relief as this Court may deem just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial.

**MORGAN & MORGAN P.A.**

*/s/ James G. Biggart II*
JAMES G. BIGGART II, ESQ.
SC Bar No.: 106477
COOPER KLAASMEYER, ESQ.
SC Bar No.: 105795
4401 Belle Oaks Drive, Suite 300
North Charleston, SC 29405
Telephone: (843) 973-5186
Fax:     (843) 947-6113
jbiggart@forthepeople.com
cooper.klaasmeyer@forthepeople.com
biggartlitigation@forthepeople.com
**Attorneys for the Plaintiff**

November 4, 2025
Charleston, South Carolina