**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION
CASE NUMBER: 5:25-cv-13407-SAL**

| | |
|---|---|
| Cherylynn Escher,<br><br>                                   Plaintiff,<br><br>v.<br><br>Mark Anthony Blackwell and Alba Freight, Inc.,<br><br>                                   Defendants. | **ANSWER OF DEFENDANTS TO PLAINTIFF'S COMPLAINT**<br><br>**(Jury Trial Demanded)** |

**TO:     JAMES G. BIGGART, II, ESQUIRE, ATTORNEY FOR PLAINTIFF, AND TO THE PLAINTIFF ABOVE NAMED:**

The Defendants herein file their Answer to the Plaintiff's Complaint and would respectfully show as follows:

**FOR A FIRST DEFENSE**
**(General Defense)**

1.      Each and every allegation of the Plaintiff's Complaint not hereinafter admitted is expressly denied.

2.      As to Paragraph 1 of Plaintiff's Complaint, Defendants admit upon information and belief that Plaintiff has been a resident and citizen of the state of Florida at all relevant times. As to all other allegations contained in Paragraph 1 of Plaintiff's Complaint, Defendants deny same and demand strict proof thereof.

3.      As to Paragraphs 2, 3, 4, and 5 of the Plaintiff's Complaint, Defendants admits upon information and belief.

4.      As to Paragraph 6 of the Plaintiff's Complaint, Defendants admit that this Court has proper subject matter jurisdiction. As to any allegations of wrongdoing on the part of

Defendants or alleged injuries suffered by Plaintiff, Defendants deny same and demand strict proof thereof.

5. Paragraph 7 of the Plaintiff's Complaint is a paragraph of incorporation requiring no responses from Defendants. To the extent a response is required or alleges any wrongdoing on the part of the Defendants, Defendants deny same and demand strict proof thereof.

6. As to Paragraphs 8 and 9 of the Plaintiff's Complaint, Defendants admit upon information and belief.

7. As to Paragraphs 10 of the Plaintiff's Complaint, Defendants lacks sufficient information upon which to form beliefs to the truth and veracity of the same and, therefore, deny same and demands strict proof thereof.

8. As to Paragraphs 11 and 12 of the Plaintiff's Complaint, Defendants admit upon information and belief.

9. Paragraph 13 of the Plaintiff's Complaint states a legal conclusion to which no response is required from the Defendants. To the extent that a response is required or alleges any wrongdoing on the part of the Defendants, Paragraph 13 of the Plaintiff's Complaint is denied same and strict proof thereof is demanded.

10. As to Paragraphs 14 and 15 of the Plaintiff's Complaint, Defendants deny same and demand strict proof thereof.

11. Paragraph 16 of the Plaintiff's Complaint is a paragraph of incorporation to which no response is required from the Defendants. To the extent that a response is required or alleges any wrongdoing on the part of the Defendants, Paragraph 16 of the Plaintiff's Complaint is denied same and strict proof thereof is demanded.

12. Paragraphs 17, 18, and 19 of the Plaintiff's Complaint state legal conclusions to which no response is required from Defendants. To the extent that a response is required or

alleges any wrongdoing on the part of the Defendants, Paragraphs 17, 18, and 19 of the Plaintiff's Complaint are denied same and strict proof thereof is demanded.

13. Paragraphs 20, 21, 22, 23, and 24 of the Plaintiff's Complaint state legal conclusions to which no response is required from Defendants. To the extent that a response is required or alleges any wrongdoing on the part of the Defendants, Paragraphs 20 through 24 of the Plaintiff's Complaint are denied same and strict proof thereof is demanded.

14. Paragraph 25 of the Plaintiff's Complaint is a paragraph of incorporation to which no response is required from the Defendants. To the extent that a response is required or alleges any wrongdoing on the part of the Defendants, Paragraph 25 of the Plaintiff's Complaint is denied same and strict proof thereof is demanded.

15. Paragraphs 26, 27, 28, 29, 30, and 31 of the Plaintiff's Complaint state legal conclusions to which no response is required from Defendants. To the extent that a response is required or alleges any wrongdoing on the part of the Defendants, Paragraphs 26 through 31 of the Plaintiff's Complaint are denied same and strict proof thereof is demanded.

16. Defendants deny the allegations of the "WHEREFORE" Paragraph of the Plaintiff's Complaint.

## FOR A SECOND DEFENSE
### (Punitive Damages)

17. The Defendants adopt and reassert each and every contention set forth above and not inconsistent herewith as if fully repeated herein.

18. The Defendants would show, upon information and belief, that the Plaintiff's claim for punitive damages violates the Fifth, Sixth, Seventh, Eighth and Fourteenth Amendments to the Constitution of the United States of America in that it violates the double jeopardy clause in that this Defendant could be subjected to multiple awards of punitive damages for the same set of facts; the self-incrimination clause is being violated because these Defendants

can be compelled to give testimony against itself in a penalty situation such as punitive damages; the assessment of punitive damages by a burden of proof less than beyond a reasonable doubt is violative of the Sixth and Fourteenth Amendments in that punitive damages are a fine or penalty and are, therefore, quasi-criminal in nature; Plaintiff's claim for punitive damages violates this Defendants' right to access the courts as guaranteed by the Seventh and Fourteenth Amendments because the threat of an award of punitive damages chills this Defendants' exercise of that right; the Plaintiff's claim for punitive damages violates the Eighth Amendment's guarantee that excessive fines shall not be imposed, the Plaintiff's claim for punitive damages violates both the due process and equal protection clauses of the Fourteenth Amendment in that the standard for awarding either punitive damages is unduly vague and, therefore, violates both procedural and substantive due process safeguards; therefore, the Plaintiff's claim for punitive damages should be dismissed.

### FOR A THIRD DEFENSE
**(Punitive Damages)**

19.	The Defendants adopt and reassert each and every contention set forth above and not inconsistent herewith as if fully repeated herein.

20.	Pursuant to S.C. Code Ann. §15-32-520, any proceeding to determine punitive damages should be bifurcated from any trial to determine liability and compensatory damages.

### FOR A FOURTH DEFENSE
**(Punitive Damages)**

21.	The Defendants adopt and reassert each and every contention set forth above and not inconsistent herewith as if fully repeated herein.

22.	Any award of punitive damages should not exceed the greater of three (3) times the amount of compensatory damages as provided for in S.C. Code Ann. §15-32-530.

## FOR A FIFTH DEFENSE
(Reservation of Additional Affirmative Defenses)

23. The Defendants adopt and reassert each and every contention set forth above and not inconsistent herewith as if fully repeated herein.

24. Defendants specifically reserve the right to assert further defenses that may be revealed by additional information acquired during discovery or otherwise from any other party herein. Defendants further reserve the right to amend this Answer to assert any other applicable defenses, to assert any applicable crossclaims and/or counterclaims, and to implead any other applicable parties.

**Wherefore**, having fully answered the Plaintiff's Complaint, the Defendants would pray that the same be dismissed with costs being granted to them. The Defendants also pray for such other and further relief as the court deems just and proper, and also demand a trial by jury.

*Respectfully submitted,*

**MURPHY & GRANTLAND, P.A.**

*s/John M. Grantland*
John M. Grantland, Esquire
Federal ID 6462
John David Jacobus, Esquire
Federal ID 14575
P.O. Box 6648
Columbia, SC 29260
Phone: (803) 782-4100
jgrantland@murphygrantland.com
jdjacobus@murphygrantland.com
**Attorneys for Defendants**

Columbia, South Carolina
December 29, 2025